**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **SYMPLR SOFTWARE LLC f/k/a VENDOR CREDENTIALING SERVICE LLC d/b/a SYMPLR**, a Texas limited liability company<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL STAFFING SOLUTIONS, INC.**, a Florida corporation<br><br>Defendant. | Civil Action No. ______________<br><br>**COMPLAINT** |

Plaintiff symplr Software LLC f/k/a Vendor Credentialing Service LLC d/b/a symplr ("symplr") brings this Complaint against National Staffing Solutions, Inc. ("National Staffing"), and alleges, upon personal knowledge and upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising from National Staffing's multiple breaches of the Master Services and License Agreement dated December 2, 2024 (the "Agreement"), under which symplr provided contingent talent management software services and National Staffing agreed to pay for such services. As set forth herein, National Staffing breached the Agreement by failing to pay contractually owed fees, wrongfully terminating the Agreement, and violating the Agreement's exclusivity provision.

2. Through this action, symplr seeks compensatory relief and its reasonable attorney fees and costs, as set forth below.

## PARTIES

3. symplr is a Texas limited liability company that provides cloud-based software solutions for healthcare operations. symplr's principal place of business is 315 Capitol Street, Suite 100, Houston, Texas 77002. symplr's sole member is WFM Holding Corporation, which is incorporated in Delaware. symplr therefore is a citizen of Delaware.

4. National Staffing is a Florida corporation that provides contingent staffing services to healthcare customers. National Staffing is a citizen of Florida with its principal place of business located at 925 South Semoran Boulevard, Winter Park, Florida 32792.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case under 28 U.S.C. § 1332(a) because symplr and National Staffing are citizens of different states and the amount in controversy exceeds the sum of $75,000.

6. Venue is proper in the Southern District of Texas. Under Section 13.14 of the Agreement, symplr and National Staffing agreed that "[a]ny disputes arising under this Agreement shall be brought exclusively in the state and federal courts located in Harris County, Texas, and the Parties waive any objections to jurisdiction or venue of any such court."

## FACTUAL ALLEGATIONS

### A. National Staffing and symplr Execute the Agreement.

7. In early 2024, National Staffing approached symplr regarding symplr's contingent talent management software services and its Contingent Talent Management Vendor Management System platform (the "Software"). National Staffing expressed a strong interest in securing symplr's services to consolidate and optimize National Staffing's vendor and workforce management processes.

8. The Software is designed to help healthcare organizations and staffing agencies manage the recruitment, credentialing, onboarding, deployment, scheduling, timekeeping, payroll, billing, and compliance requirements associated with temporary and contract healthcare professionals. symplr's Software solution connects these functions within a single platform, enabling healthcare providers and staffing agencies to streamline workforce operations, accelerate clinician placements, maintain credentialing and regulatory compliance, and gain visibility into staffing needs and labor costs. The Software serves as a centralized electronic system through which healthcare facilities, staffing agencies, and healthcare professionals may manage staffing requests, candidate submissions, credentialing, onboarding, compliance tracking, scheduling, timekeeping, approvals, and related workforce management functions.

9. Over the course of 2024, symplr provided multiple formal demonstrations of the Software and engaged in proposal reviews with National Staffing. symplr also provided National Staffing with trial access to the Software platform so that National Staffing could conduct functional validation of the software. Following these extensive discussions and demonstrations, National Staffing and symplr executed the Agreement on December 2, 2024. **Exhibit 1**.

10. Under the Agreement, symplr granted to National Staffing a non-exclusive, limited license to its Software for the duration of the Agreement. In exchange, National Staffing agreed to pay symplr the fees (as set forth in an order form or statement of work (collectively, "Order Form")) within thirty days of receipt.

11. The parties agreed that the initial term of the Agreement would be three years from the Agreement's effective date of December 2, 2024. The parties further agreed that the Agreement will automatically renew for subsequent successive one-year renewal terms unless either party

delivers written notice of termination to the other party at least sixty days prior to the end of the current term.

12. symplr and National Staffing agreed that either Party may terminate the Agreement by giving written notice to the other party in the event the other party is in material breach of the Agreement or an Order Form and fails to cure such breach within thirty days of receipt of written notice from the non-breaching party.

13. Under the Order Form attached to the Agreement, National Staffing agreed to pay a total annual subscription fee of $90,000 (a minimum monthly fee of $7,500 per month) and a one-time implementation fee of $16,500 for symplr's services. National Staffing further agreed to pay revenue-share fees to symplr, calculated as a percentage of National Staffing's monthly revenue billed through the Software ("Revenue-Share Fees"). In addition, National Staffing agreed that interest would accrue on any overdue payments at a rate of 1.5% per month.

14. The parties included an exclusivity provision in Section 1.3 of Attachment 1 to the Agreement, under which National Staffing agreed to utilize the Software "exclusively for all vendor invoicing activities related to its provision of contingent staffing to its customers during the Term of the Agreement" (the "Exclusivity Provision").

15. Following the Agreement's execution, symplr promptly fulfilled its contractual obligations. symplr granted a license to National Staffing to use the Software and conducted extensive training sessions with National Staffing personnel regarding the Software's multiple functions and features. symplr worked collaboratively with National Staffing, holding regular calls and meetings to address workflow needs, provide training, and even to develop extracontractual platform enhancements requested by National Staffing.

**B. National Staffing Breaches the Agreement.**

16. Despite symplr's performance and fulfillment of its contractual obligations, National Staffing refused to pay symplr's invoices without any valid explanation. Despite multiple follow-up communications regarding the Software and National Staffing's unpaid invoices, National Staffing stopped responding to symplr in May 2025. symplr made multiple attempts to reconnect with National Staffing and review development progress, but National Staffing did not respond to symplr's communications.

17. On June 18, 2025, counsel for National Staffing sent a letter to symplr purporting to terminate the Agreement for cause, claiming that symplr had failed to deliver functional software. National Staffing did not identify any problem with the Software, nor did it provide any valid factual or contractual basis for termination. National Staffing's purported termination also did not comply with the Agreement's termination procedures, which require 30 days' written notice of an alleged material breach and a 30-day opportunity to cure. National Staffing did not provide the requisite notice or any cure period.

18. In response to the wrongful termination, symplr sent a letter disputing National Staffing's claim that there were issues with the Software and explained that symplr had fully complied with its obligations under the Agreement. symplr rejected the purported termination as invalid and improper under the Agreement and requested that National Staffing provide any evidence supporting its claim of material breach. symplr also notified National Staffing that symplr is aware that National Staffing is using competitor products in violation of the Exclusivity Provision.

19. National Staffing did not respond to symplr's letter.

20. In addition to wrongfully terminating the Agreement, National Staffing failed to pay any of symplr's invoices or Revenue-Share Fees between December 2024 and October 2026,

which total at least $128,648.63 in outstanding fees owed to symplr. The specific invoices that National Staffing failed to pay are listed below.

| Document Number | Due Date | Age | Open Balance |
|---|---|---|---|
| | | | |
| INV-104211 | 1/19/2025 | 632 | $3,698.63 |
| INV-123715 | 1/31/2025 | 620 | $7,500.00 |
| INV-123768 | 3/3/2025 | 589 | $7,500.00 |
| INV-123827 | 3/31/2025 | 561 | $7,500.00 |
| INV-123846 | 5/1/2025 | 530 | $7,500.00 |
| INV-111476 | 6/6/2025 | 494 | $7,500.00 |
| INV-125879 | 12/18/2025 | 299 | $7,950.00 |
| INV-128357 | 1/17/2026 | 269 | $7,950.00 |
| INV-130294 | 2/19/2026 | 236 | $7,950.00 |
| INV-132023 | 3/19/2026 | 208 | $7,950.00 |
| INV-134003 | 4/17/2026 | 179 | $7,950.00 |
| INV-135816 | 5/17/2026 | 149 | $7,950.00 |
| INV-137519 | 6/17/2026 | 118 | $7,950.00 |
| INV-139328 | 7/17/2026 | 88 | $7,950.00 |
| INV-141149 | 8/15/2026 | 59 | $7,950.00 |
| INV-142875 | 9/16/2026 | 27 | $7,950.00 |
| INV-144509 | 10/16/2026 | -3 | $7,950.00 |
| | | | **$128,648.63** |

21. symplr repeatedly requested payment from National Staffing for the above invoices. symplr sent numerous emails asking for the status of National Staffing's payments. symplr also provided National Staffing with detailed statements for all outstanding invoices, as well as full billing audits for National Staffing to review. Despite receiving this detailed information, National Staffing failed to pay any of the outstanding invoices.

22. Due to National Staffing's failure to pay symplr's invoices, symplr ultimately suspended National Staffing's account and suspended providing services under the Agreement.

23. In addition to unpaid invoices, National Staffing is also liable to symplr for the remaining payments under the initial three-year term. The remaining amount that National Staffing must pay symplr is $109,074.00 as of October 2026.

**<u>CLAIM FOR RELIEF</u>**
**BREACH OF CONTRACT**

24. symplr restates and incorporates by reference each allegation set forth above as if fully set forth herein.

25. symplr and National Staffing entered into a valid, binding, and enforceable Agreement.

26. symplr substantially performed its obligations under the Agreement.

27. National Staffing materially breached the Agreement as set forth above, including by failing to pay invoices and interest as required by the Agreement, improperly terminating the Agreement, failing to pay for symplr's services for the Agreement's initial three-year term, failing to pay Revenue-Share Fees to symplr, and violating the Exclusivity Provision of the Agreement.

28. symplr has suffered damages of at least $237,722.63 as a result of National Staffing's material breaches.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter judgment in symplr's favor and against National Staffing for any and all damages resulting from National Staffing's breaches of the Agreement, plus all applicable pre- and post-judgment interest and costs;

B. Enter an award for reasonable attorney fees and costs to symplr under Section 13.14 of the Agreement; and

C. Enter an award for such other and further relief as the Court may deem just and appropriate.

Dated: October 30, 2026

Respectfully submitted,

HOGAN LOVELLS CADWALADER US LLP

*/s/ Jeffrey S. George*

Jeffrey S. George, Esq.
Texas State Bar No. 07805480
David A. Willner, Esq.
Colorado State Bar No. 55824
Two North Cascade Avenue
Suite 1300
Colorado Springs, CO 80903
Tel: (719) 448-5900
Fax: (719) 448-5922
jeffrey.george@hlc.com
david.willner@hlc.com

Melody Shaff, Esq.
Texas State Bar No. 24143767
609 Main Street
Suite 4200
Houston, TX 77002
melody.shaff@hlc.com
Tel: (713) 632-1400
Fax: (713) 632-1401

*Counsel for Plaintiff symplr*